## SCHLICHT v. STIVERS.

ATTORNEY AND CLIENT: ACCOUNTING BETWEEN.

*Appeal from Tama District Court.*

### FRIDAY, JUNE 8.

ACTION to recover for money collected by the defendant for the plaintiff. The defendant is an attorney at law. As such attorney he obtained a judgment for the plaintiff for the sum of $1,000, and afterwards collected the same. He paid out for the plaintiff, however, on garnishment, the sum of $249.60. There is something due him also for fees which he claims by way of set-off. But as to how much is due him the parties are not agreed. He claims that there is due him the sum of $678. The plaintiff admits that there is due him, exclusive of the sum paid on garnishment, only the sum of $225. The parties differ also as to the amount collected by the defendant. It is undisputed that the defendant collected the judgment, but he insists that he should be charged with only the principal, whereas the plaintiff insists that he should be charged with principal and interest. There was a trial to the court without a jury, and judgment was rendered for the plaintiff for the sum of $93.39. He appeals.

*Struble & Kinne*, for appellant.

*W. H. Stivers*, for himself.

ADAMS, J.—I. The first question presented is as to how much the defendant should be charged. There is no dispute but that he collected the

principal of the judgment, to-wit, the sum of $1,000. But the judgment was taken by way of compromise. It was rendered December 6, 1876, and was made payable in installments of $250 each, payable in six, nine, twelve and fifteen months, respectively, and bore ten per cent interest; and it seems to be admitted that the defendant collected the ten per cent interest which had accrued at the time the several installments were paid. The evidence shows that the first installment was paid May 8, 1877, the third February 3, 1878, and the fourth July 2, 1878. When the second installment was paid does not distinctly appear. It was due September 6, 1877. We cannot presume that it was paid before due. The interest collected on it then, we must presume, was not less than the interest accrued at the time it became due, to-wit, September 6, 1877. We think that the interest collected must have been not less than $95.50, and that the defendant should be charged with not less than $1,095.50.

II. We proceed next to inquire how much he is entitled to be credited for fees. The defendant charged the plaintiff $128 for services in an action in the Benton county district court. The plaintiff insists that the defendant was not employed in that action, and introduced some evidence tending to show that he was not. But the defendant testifies positively that he was employed, and it seems to be undisputed that he acted as attorney in the action. We think that he was employed.

But the plaintiff insists that, conceding that the defendant was employed, he was not entitled to more than $30, and he calls upon us to judge for ourselves as to what the services were worth in view of the evidence as to what the defendant did. But this we cannot do. The defendant testified that the services were worth the amount charged, and, while he is not corroborated, his evidence is sufficient to prove the fact, in the absence of any evidence to the contrary, and we fail to find any.

III. The defendant charged $200 for services in the Tama county district court. The plaintiff insists that the defendant was employed to render services in the action only in case a certain judgment should not be reversed in the supreme court, which judgment, it appears, was reversed. The judgment in question was obtained in the Benton district court, and an action was brought to enable the plaintiff to enforce it against certain real estate in Tama county. The defendant was employed to protect the real estate. The action in which the judgment was obtained had been appealed, and the defendant was employed to protect the real estate; first by appearing in the supreme court in behalf of the judgment defendants, and by securing a reversal, if he could; and if not, by appearing in the Tama district court and making such defense as he should see fit to do. The action in question was entitled *Hitchner v. Ehlers et al.* Among the defendants was one Kittleson. The agreement which the defendant and his partner entered into, and under which the defendant must recover upon this charge, if at all, is in these words: "We agree to take the suit against Kittleson to the supreme court, and if the judgment is reversed, we are to have $200; but if judgment is not, we are to receive $25; and we are to try the suit in the Tama district court for the condemnation of property, for which we are to receive $200 if successful; if not, we are to receive $25." After the reversal of the judgment from which an appeal was taken, the plaintiff, having no judgment,

dismissed her action based thereon in the Tama district court, and nothing remained for the defendant to try. This event seems indeed to have been contemplated by the very language of the agreement. In case the defendant failed to secure a reversal, he was to have $25 for services in the supreme court, and try the case in the Tama district, and have $200 or $25, according as he should succeed or fail. We are not able to conclude that it was contemplated that the defendant should have $200 for trying the action in the Tama district court, if the plaintiff in that action should lose her judgment by reversal by the supreme court, and be obliged to dismiss her action in the Tama district court and leave nothing to be tried. It is to be borne in mind, too, that the language of the agreement is the language of the defendant, and that, too, when dealing as an attorney with his client. If it were equally susceptible of a different construction, we should be justified in adopting the one least favorable for the defendant. *Thrall v. Newell*, 19 Vt., 202; *Meyer v. Isaac*, 6 M. & W., 604. But the case is hardly one which requires us to resort to such rule. We are of the opinion, then, that the charge of $200 for services in the Tama district court was not justified by the agreement, and was improper.

IV. At the time the agreement was entered into, or soon afterwards, the defendant received $25, which amount was indorsed upon the agreement. This amount he was entitled to for services in the supreme court, even in case he failed to secure a reversal. In case of success, however, this payment must be deemed to have been contemplated as a part of the $200, the agreed fee in such event. It follows that there remains due the defendant for services in the supreme court only the sum of $175.

V. The defendant charged $100 for services in obtaining and collecting the judgment of $1,000. As to what the services were worth we do not find any evidence. They were certainly worth something; and plaintiff concedes in his petition that the defendant was entitled to $55. Under the evidence he cannot recover more.

VI. The defendant charged $50 for services in a suit called the Avery suit. The evidence upon this point is very obscure. But we understand it to show that the plaintiff agreed that the defendant should have $50 for his services.

VII. The fees in the aggregate, to which we think that the defendant is entitled, amount to $408. To this should be added the amount paid on garnishment, $249.60, making his credit $657.60. His proper debit we found to be $1,095.50. The balance due from him, without interest, would be the difference, to-wit, $437.90. For this amount, at least, we think that the court should have rendered judgment. Possibly the plaintiff was entitled to some interest on that sum. Whether the court below allowed interest or not does not appear. No error is specifically assigned upon this point, and we do not pass upon it.

REVERSED.